NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MERCER COUNTY CHILDRENS
MEDICAL DAYCARE, LLC, et al.

         Plaintiffs,

v.

MARY O'DOWD, et al.

         Defendants.

Civ. No. 13-1436

Opinion

THOMPSON, U.S.D.J.

      This matter comes before the Court upon the motions for reconsideration filed by each Party. (Doc. Nos. 67, 70, 72, and 73). Plaintiffs also move in the alternative for certification for appeal. The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will deny all motions for reconsideration and the motion for certification for appeal.

BACKGROUND

      On March 10, 2014, this Court entered an Opinion and Order denying in part and granting in part the motion to dismiss brought by State Defendants and Officials. The Opinion and Order also granted in part and denied in part the motion to dismiss brought by Defendant Carlisle. The Court, *inter alia*, dismissed Plaintiffs' claims under Medicaid, Medicaid preemption (in part), the Equal Protection Clause, the Due Process Clause, the Takings Clause, and common law fraud (in part). The Court also dismissed claims against State Defendants, pursuant to the Sovereign Immunity doctrine, dismissed 42 U.S.C. §1983 claims for money

1

damages against State Officials acting in their official capacity, and dismissed most claims against State Officials acting in their individual capacity.[1]

DISCUSSION

1. <u>Legal Standard</u>

    *a. Reconsideration*

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

---

[1] Greenwald was not granted immunity with respect to any actions that may have been taken in a private capacity. (Doc. No. 59 at 8-9).

    b.  *Certification for Appeal*

A certification for interlocutory appeal is governed by 28 U.S.C. § 1292 (b). "The statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate. The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

  2.  <u>Analysis</u>

    a.  *Reconsideration Motion of Plaintiffs*

Plaintiffs' motion for reconsideration argues that "[t]his Court must have overlooked" "the applicable law and pleaded facts." (Doc. No. 74 at 3, 4). After reviewing Plaintiffs' arguments, the Court finds that Plaintiffs have not met the standard for reconsideration.

    b.  *Plaintiffs' Motion for Certification for Appeal*

Plaintiffs' motion for certification is also denied. Plaintiffs have not shown that there is substantial ground for difference of opinion with respect to the rulings at issue.

    c.  *Reconsideration Motion of Defendant Carlisle*

Defendant Carlisle moves for reconsideration with respect to the common law fraud claim, specifically consideration of its Economic Loss Doctrine argument and damages. After reviewing Plaintiffs' arguments, the Court finds that Plaintiffs have not satisfied the standard for a motion for reconsideration of this motion to dismiss. *See, e.g.*, *State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 677 (D.N.J. 2009) (damages must flow

3

only from contract); *Bridgestone/Firestone N. Am. Tire, LLC v. LePore*, 2007 WL 4440960 (D.N.J. Dec. 17, 2007) (granting summary judgment with respect to damages).

    *d.  Reconsideration Motion of State Defendants and State Officials*

Defendants move for reconsideration with respect to the common law fraud claim, specifically issues arising from the notice of claim requirement under the New Jersey Tort Claims Act and Eleventh Amendment immunity.

State Officials can only be liable for damages under the fraud claim to the extent each individual's actions were undertaken in a private capacity.[2]  The New Jersey Tort Claims Act does not apply if an individual was acting in a private capacity for private purposes. *Gazzillo v. Grieb*, 398 N.J. Super. 259, 264 (App. Div. 2008) ("there must be some nexus between the wrong that is complained of and the defendant's public employment in order to mandate that a notice of claim be filed before suit may be instituted").  Similarly, government officials do not receive protection of immunity for their actions taken in a private capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("carrying out their *official* responsibilities")(emphasis added).  Therefore, the Court did not address these arguments.

## CONCLUSION

    For the reasons set forth above, the motions are denied.

 

                                                            */s/ Anne E. Thompson*
                                               ANNE E. THOMPSON, U.S.D.J.

---

[2] Given Greenwald's relationship with the private business in this case, it cannot be determined before discovery whether Greenwald was acting as a private citizen for private reasons or as a state official.  Accordingly, the Court's Opinion found that all defendants except for Greenwald were entitled to absolute or qualified immunity for the actions alleged in the Complaint.  (Doc. No. 59 at 8-9).