UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCER COUNTY CHILDREN'S MEDICAL CARE, L.L.C., et al. | : Civil Action No. 13-1436 (AET) |
| Plaintiffs, | : |
| v. | : MEMORANDUM OPINION |
| MARY O'DOWD, et al., | : |
| Defendants. | : |

This matter comes before the Court pursuant to an informal application by Plaintiff Mercer County Children's Medical Daycare, L.L.C. to compel the production of documents that have been withheld by Defendant Carlisle & Associates, L.L.C. ("Carlisle"). See letter to the Court dated March 6, 2015 [dkt. no. 102]. In this case Plaintiff alleges, among other things, that Defendants engaged in acts of fraud and, therefore, the attorney-client privilege "does not extend to communications 'made for the purpose of getting advice for the commission of a fraud' or crime." *Id.* citing *U.S. v. Zolin*, 491 U.S. 554, 562-63 (1989). On this basis, Plaintiff seeks an Order compelling Carlisle to produce the documents that have been withheld based on the attorney-client privilege and/or the work product doctrine.

Carlisle has opposed Plaintiff's application on three grounds. See letter to the Court dated March 17, 2015 [dkt. no. 104]. First, Carlisle observes that Plaintiff's application was made approximately six (6) months after the production of its privilege log and redacted

documents and "[n]o proffer has been made as to why Plaintiff waited as long as it did to now raise this issue with the Court." *Id.*

Second, Carlisle argues, "[i]n order to overcome the privilege, the Plaintiff would have to make a 'prima facia showing that ... the attorney-client communciations were in furtherance of the crime or fraud." *Id.* citing *In re Grand Jury Subpoena,* 705 F. 3d 133, 151 (3d Cir. 2012). Carlisle maintains that Plaintiff has not made the requisite showing.

Finally, Carlisle asserts, the "vast majority" of the disputed communications involved its attorneys, Fox Rothchild, L.L.P. and occurred "six months after the alleged fraud is said to have occurred" and after the termination of the contract which Plaintiff contends it was duped into signing. *Id.*

Plaintiff's application was a subject of discussion during a telephone status conference with counsel on March 31, 2015. Subsequently, at the Court's request, Carlisle submitted correspondence, dated April 13, 2015, with respect to the documents it withheld from production based on the work product doctrine. See dkt. no. 110. Carlisle maintains that "the emails that were redacted as 'work product' and/or 'work-product - anticipation of litigation' all occurred during [the] timeframe of January 17, 2012 through January 30, 2012 when both counsel were threatening litigation over Carlisle's claims for fees." *Id.* The remaining documents withheld by Carlisle are reported to be "handwritten notations" made in anticipation of this litigation. *Id.* The Court extended Plaintiff an opportunity to respond to Carlisle's supplemental submission which Plaintiff declined.

In short, the Court agrees with Carlisle, Plaintiff's application to compel production of the documents withheld by Carlisle is DENIED because 1) it is untimely, 2)

Plaintiff has not provided any evidence to establish that these communications were made in furtherance of a crime or fraud, and 3) the timing of the communications (*i.e.* following the termination of the contract) supports Carlisle's contention that they are protected by the attorney-client privilege and/or the work product doctrine.

So Ordered:

DATED: May 18, 2015

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge