NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCER COUNTY CHILDREN'S MEDICAL DAYCARE, LLC et al., | Civ. No. 13-1436 |
| Plaintiffs, | **OPINION** |
| v. | |
| MARY O'DOWD, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court on the Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) by State Defendants[1] and State Officials.[2] (ECF No. 123.) Plaintiff Mercer County Children's Medical Daycare ("Mercer") and ten individual Plaintiff Children oppose. (ECF No. 141.) After reviewing the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will grant Defendants'[3] motion.

## BACKGROUND

Given the extensive proceedings in this case, the Court recounts here only those facts necessary for the present Motion. This action stems from regulatory actions taken by the State of New Jersey, its departments, and its officials that have had the effect of reducing the number of

---

[1] New Jersey Department of Health ("NJDOH"); New Jersey Department of Human Services ("NJDHS"); Office of the Comptroller; and New Jersey Medicaid Fraud Division ("NJMFD").
[2] Matthew Boxer, the State Comptroller; Mark Anderson, NJMFD Inspector General; Deborah Gottlieb, Director of Program Compliance and Health Care Financing for NJDOH; Michael Kennedy, New Jersey Deputy Attorney General; John Guhl, DMAHS Director; Jennifer Velez, NJDHS Commissioner; Mary O'Dowd, NJDOH Commissioner; Governor Christopher Christie.
[3] Throughout this Opinion the Court will refer to State Defendants and State Officials collectively as "Defendants." Thus "Defendants" does not include Defendant Louis Greenwald, a New Jersey State Assemblyman, nor Defendant Carlisle, LLC unless otherwise specified.

patients which Plaintiff Mercer can treat.  Pediatric medical daycare ("PMDC") is a program managed by NJDOH to provide medically necessary services to children who are technology-dependent or medically unstable.  PMDC facilities are licensed by NJDOH and provide services for which they receive reimbursement from Medicaid.  Plaintiff Mercer is a licensed PMDC facility in New Jersey.  Plaintiff Children are individuals who have been denied the PMDC services of Mercer as a result of certain New Jersey regulations.

An audit report released on February 25, 2003 by the Office of Legislative Services found that New Jersey PMDC licensing practices were incompatible with NJDHS rules.  Specifically, licenses had been issued based on a 30 square feet per person rule, but NJDHS had a limit of 27 patients per facility per day ("27 Rule").  On November 3, 2003 NJDOH placed a moratorium on licensing PMDC facilities in order to adopt new regulations consistent with NJDHS and informed PMDC providers that it intended to enforce the 27 Rule.  Until that point, Mercer had a PMDC license for 70 to 72 patients based on the facility's square footage.  Mercer challenged the enforcement of the 27 Rule before the Office of Administrative Law and was permitted to continue providing services to 70 children.  However, on November 16, 2009 the 27 Rule was officially adopted and took effect on July 1, 2010.  *See* N.J.A.C. §§ 8:43J–2.3(b), 10:166–2.1(a)(3).  On March 2, 2011 NJDOH found that Mercer failed to comply with the 27 patient limit and fined Mercer $1.5 million, among other things.  On March 28, 2011 NJMFD issued Mercer a $12 million notice of claim for enrolling and seeking Medicaid reimbursement for ineligible children between March 22, 2004 and December 8, 2010.  On August 1, 2011 NJDOH amended Mercer's 70-child license to 27.  Mercer closed down on July 25, 2012.

Plaintiffs filed their Complaint on March 8, 2013 and amended it on May 16, 2013.  On February 10, 2014 and March 4, 2014 the Court granted in part Defendants' Motion to Dismiss

2

the Amended Complaint. Specifically relevant to the present Motion, the Court did not dismiss Plaintiffs' preemption claim in Count II, which alleges that New Jersey's 27 Rule is invalid because it conflicts with four provisions of the Medicaid Act: 42 U.S.C. § 1396a(a)(10)(B), (17), (23), and § 1396d(r)(5). Under this preemption claim Plaintiffs seek relief from all fines assessed under the 27 Rule. The Court declined to dismiss Count II because Third Circuit precedent had established that the Supremacy Clause gave rise to an implied private cause of action. However, Defendants presently move to dismiss Count II in light of recent Supreme Court authority interpreting the Supremacy Clause in a more limited manner.

## DISCUSSION

A. Legal Standard

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are assessed under the same standard applied to Rule 12(b)(6) motions to dismiss. *See Haynes v. Metropolitan Life Ins. Co.*, 94 F. App'x 956, 958 (3d Cir. 2004); *Spruill v. Gillis*, 274 F.3d 218, 223 n.2 (3d Cir. 2004)). Thus, when assessing a Rule 12(c) motion, the court is generally limited to considering only the pleadings. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). In addition, the court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Bayer Chems. Corp. v. Albermarle Corp.*, 171 F. App'x 392, 397 (3d Cir. 2006); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). "[J]udgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.*, *see also* Fed. R. Civ. P. 12(c).

B. Analysis

Count II of Plaintiffs' Amended Complaint alleges a preemption cause of action claiming that New Jersey's 27 Rule is invalid because it conflicts with 42 U.S.C. § 1396a(a)(10)(B), (17), (23), and § 1396d(r)(5). Defendants argue in the present Motion that the Supreme Court's recent ruling in *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1383 (2015) extinguishes Plaintiff's Count II claim and therefore entitles Defendants to judgment in their favor based solely on the pleadings. In *Armstrong*, the Supreme Court considered whether Medicaid providers (specifically providers of residential habilitation services to Medicaid-eligible individuals) may sue to enforce 42 U.S.C. § 1396a(a)(30)(A) ("Section 30A") of the Medicaid statute and enjoin state officials. In short, Section 30A demands that states reimburse Medicaid providers at rates necessary to ensure adequate availability of Medicaid funded services.

In assessing whether the *Armstrong* plaintiffs could bring such an enforcement action, the Supreme Court first determined whether an action could be maintained under the Supremacy Clause of the Constitution. After reviewing the text and history of the Supremacy Clause in the context of the Constitution as a whole, the Court held that the Clause does not provide a private right of action because it merely "instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so." The Court then went on to assess other possible sources of a cause of action but ultimately found no basis for a private action to enforce Section 30(A) and reversed the Ninth Circuit's grant of summary judgment to the *Armstrong* plaintiffs.

Here Defendant argues that because *Armstrong* clearly states that the Supremacy Clause does not confer a private right of action, Plaintiff's Count II preemption claim must fail. Plaintiff argues that *Armstrong's* interpretation of the Supremacy Clause is narrowly limited to the

context of Section 30(A). Plaintiff is incorrect. The Supreme Court's analysis of the Supremacy Clause appears standalone, not tied to or in any way affected by its analysis of Section 30(A). *See Armstrong*, 135 S. Ct. at 1385 (stating, after completing its assessment of the Supremacy Clause, "We turn next to [the] contention that, quite apart from any cause of action conferred by the Supremacy Clause, this suit can proceed against [the State] in equity"). Thus, the Court finds that *Armstrong* bars Plaintiffs from bringing their Count II Medicaid preemption claims under the Supremacy Clause. *See, e.g.*, *Providence Pediatric Med. DayCare, Inc. v. Alaigh*, No. 10-2799 (NLH/KMW), 2015 WL 3970049, at *9 (D.N.J. June 30, 2015) (finding that none of the plaintiff Medicaid providers' Medicaid violation claims, which included provisions besides Section 30(A), could be brought under the Supremacy Clause after *Armstrong*); *Cruz v. Zucker*, No. 14-4456 (JSR), 2015 WL 4548162, at *11 (S.D.N.Y. July 29, 2015) (finding no private right of action to enforce the Reasonable Standards Requirement of the Medicaid Act, 42 U.S.C. § 1396a(a)(17), in light of *Armstrong*). Plaintiffs have not articulated in their briefs, nor does the Amended Complaint state, any other source besides the Supremacy Clause to sustain the preemption claim.[4] Therefore Count II will be dismissed. *See Alaigh*, 2015 WL 3970049, at *10 (declining to assess violations of certain Medicaid statute provisions that the plaintiffs alleged in the complaint but for which the plaintiffs failed to articulate, let alone demonstrate, the viability of in opposing the defendants' motion for summary judgment).

     Lastly, the parties' motion papers also reveal a dispute over which Defendants presently have a viable fraud claim in Count VI asserted against them. The Court's most recent Opinion addressing this issue on April 7, 2014 states that "State Officials can only be liable for damages

---

[4] As asserted in Defendants' motion papers, unlike Count I of the Amended Complaint, Count II does not allege enforcement under 42 U.S.C. § 1983. Plaintiffs have not responded to this argument nor did they seek to further amend their pleading.

5

under the fraud claim to the extent each individual's actions were undertaken in a private capacity" and then notes that "all defendants except for Greenwald were entitled to absolute or qualified immunity for the actions alleged in the Complaint." (ECF No. 76.) Defendants thus assert that Plaintiffs' Count VI fraud claim has been dismissed against all State Officials and proceeds only against Defendant Greenwald. Plaintiffs argue that the fraud claim is viable against State Officials besides Greenwald but does not specify which ones. However, Plaintiffs' assertion is clearly foreclosed by the language of the Court's April 7, 2014 Opinion, which explicitly stated that all State Officials besides Greenwald were entitled to immunity for the actions alleged in the Complaint. Plaintiffs did not seek clarification or reconsideration of that Opinion when it was issued, nor have Plaintiffs' present filings identified a sufficient basis for disturbing that ruling. Therefore, Count VI currently proceeds only against Defendant Greenwald.

## CONCLUSION

For the reasons above, Defendants' Motion for Judgment on the Pleadings under Rule 12(c) will be granted, and the Court will grant judgment in Defendants' favor on Count II of the Amended Complaint. An appropriate Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
